FORMAN & ZUCKERMAN, P. A. v. DONALD SCHUPAK, ERIC D. ROSEN-FELD, AND PETER D. FISCHBEIN, INDIVIDUALLY AND PARTNERS TRADING AS SHUPAK, ROSENFELD & FISCHBEIN

No. 7718SC850

(Filed 5 September 1978)

1. **Judgments § 13.2— notice of hearing of default judgment motion—due process**

Notice given to defendants of a hearing on plaintiff's motion for judgment by default provided defendants with sufficient time in which to prepare and present their contentions so as to comply with due process where defendants received actual notice that the action had been filed against them; a year and a half later defendants were given thirteen days' notice of the hearing on plaintiff's motion; and the record shows that defendants received actual notice of the hearing since they responded by letter to the clerk raising what they perceived to be violations of the local rules of court.

**2. Trial § 1; Judgments § 13.2— local court rules—calendaring of motion where request filed a day late**

A local rule of court, promulgated by the senior resident superior court judge pursuant to G.S. 1A-1, Rule 40, which provided that "Requests for pretrial hearings on motions will be considered by the Calendar Committee if filed by 5:00 p.m. on Monday two (2) weeks prior to the beginning of the session requested" meant only that the calendar committee was not required to consider a belated request that a motion be calendared at a certain session and did not prohibit the calendaring of a motion for default judgment where the request was a day late if the calendar committee or the court so chose.

APPEAL by defendants from *Walker (Hal H.), Judge*. Judgment entered 18 May 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals 15 August 1977.

This is an action in which the plaintiff sought to recover unpaid fees for legal services provided to the defendants. The plaintiff commenced this action by the filing of summons and a complaint on 6 October 1975 with service upon the defendants by mail. The defendants moved to dismiss for lack of in personam jurisdiction. On 6 October 1976 we affirmed the trial court's denial of the motion. *Forman & Zuckerman, P. A. v. Schupak*, 31 N.C. App. 62, 228 S.E. 2d 503 (1976). The Supreme Court of North Carolina denied the defendants' petition for discretionary review, *Forman & Zuckerman, P. A. v. Schupak*, 292 N.C. 264, 233 S.E. 2d 391 (1977), and the appellate judgment was certified to the Clerk of Superior Court of Guilford County. The clerk received and filed that certification on 16 March 1977.

On 27 April 1977 the defendants' default was entered by the clerk. The plaintiff filed a motion for judgment by default on 3 May 1977 together with a request that the motion be calendared for hearing on 16 May 1977. The defendants responded by letter to the local calendaring clerk on 10 May 1977 indicating that the calendar request was one day late under the local court rules and could not be considered. The plaintiff then wrote a letter to the calendaring clerk indicating that the matter had been placed upon the court's calendar for 16 May 1977, and that the plaintiff did not waive any right to have the motion heard at that time. The plaintiff requested that, in deference to the defendants' objection by their letter, the matter also be placed upon the court's calendar for 30 May 1977. A copy of this letter was forwarded to the defendants. The matter was brought on for hearing before the trial

court, as originally calendared, during the 16 May 1977 session. The trial court entered judgment by default against the defendants on 18 May 1977. From the entry of this judgment, the defendants appealed.

*William Zuckerman for plaintiff appellee.*

*Peter D. Fischbein, pro se and for defendant appellants.*

MITCHELL, Judge.

The defendants' sole assignment of error is directed to the failure of the trial court to remove the plaintiff's motion for judgment by default from the 16 May 1977 calendar. The defendants contend that they were thereby denied due process and rights provided by local court rules.

Due process, of course, requires adequate notice and opportunity to be heard. As the Supreme Court of the United States has specifically stated:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . . The notice must be of such nature as reasonably to convey the required information . . . and it must afford a reasonable time for those interested to make their appearance. . . . But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15, 94 L.Ed. 865, 873, 70 S.Ct. 652, 657 (1950) (citations omitted).

[1] The defendants were originally given notice of the pendency of this action on 6 October 1975. They obviously received this notice as they came into court to contest jurisdiction. A year and a half later, the defendants were given thirteen days' notice of the hearing on the plaintiff's motion for judgment by default. The record on appeal clearly reflects that the defendants had actual notice, as they responded by letter to the clerk raising what they

perceived to be violations of the local rules of court. Given these facts, we hold that the notice given the defendants provided them with a reasonable period of time in which to prepare and present their contentions with regard to the plaintiff's motion.

We do not find the defendants' absence from the hearing to have been excused by their purported reliance on their letter to the clerk raising issues concerning the local rules or by their receipt of the plaintiff's later letter to the clerk by way of response. The defendants assumed the dual position of attorneys and clients and were required to give both their personal and professional attention to their business on the docket. They, like other parties to actions before the courts, were required to remain alert in protecting their rights and interests and could not sleep on those rights. *School v. Peirce*, 163 N.C. 424, 79 S.E. 687 (1913). By failing to appear or to make reasonable inquiry of the court as to whether the matter would be heard on 16 May 1977, the defendants failed to exercise the care and attentiveness required of parties and attorneys in an action before the courts. We hold that the defendants were not denied due process, and this assignment is without merit.

[2] The defendants additionally contend that the trial court committed reversible error by calendaring the plaintiff's motion in violation of local court rules. We find this contention also without merit.

It is true that a judicially evolved rule of administrative law requires executive agencies of government to follow certain procedures they have promulgated, even though the procedures did not originally arise from any constitutional requirement. *See Vitarelli v. Seaton*, 359 U.S. 535, 3 L.Ed. 2d 1012, 79 S.Ct. 968 (1959), *and Securities & Exch. Com. v. Chenery Corp.*, 318 U.S. 80, 87 L.Ed. 626, 63 S.Ct. 454 (1942). This rule, however, constitutes a recognition of the fact that the "procedural" rules of such agencies generally take on certain aspects of both procedural and substantive law. The rule does not, therefore, apply with equal vigor to local rules of court which are adopted to promote the effective administration of justice and do not substantially determine the parties' procedural or substantive rights previously provided by our General Statutes or other applicable law.

The rules in question were promulgated by the Senior Resident Superior Court Judge of Guilford County pursuant to his authority under G.S. 1A-1, Rule 40, to "provide by rule for the calendaring of actions for trial in the superior court division of the various counties within his district." These rules provide, in part, that "Requests for pretrial hearings on motions will be considered by the Calendar Committee if filed by 5:00 p.m. on Monday two (2) weeks prior to the beginning of the session requested." As the plaintiff's request that its motion be calendared for the 16 March 1977 session was filed a day late, the calendar committee was not required to consider the request. The rule did not, however, prohibit the calendaring of the motion at the requested session if the calendar committee or the trial court so chose. We do not think these facts present a situation in which the defendants' failure to pursue the matter further constituted excusable neglect induced by justifiable reliance upon their letter to the clerk referring to the local rules or induced by the response of the plaintiff. Local rules adopted pursuant to G.S. 1A-1, Rule 40, are rules of court which are adopted to promote the effective administration of justice by insuring efficient calendaring procedures are employed. Wide discretion should be afforded in their application so long as a proper regard is given to their purpose. *See Wagner v. Edington Coal Co.*, 100 W. Va. 117, 130 S.E. 94 (1925).

The defendants failed to show that the granting of the calendaring request, which was filed a day late under the local rules, in any way harmed them or constituted an abuse of discretion. Therefore, it was not error for the trial court to calendar or hear the motion, and the judgment of the trial court is

Affirmed.

Chief Judge BROCK and Judge MARTIN (Robert M.) concur.