THOMAS LOMAX AND WIFE, BETTY LOMAX, PLAINTIFFS v. WILLIAM JOYNER SHAW AND CHARLES FRANKLIN SHAW, D/B/A THE HORSESHOE LOUNGE, DEFENDANTS

No. 9018SC241

(Filed 5 February 1991)

**Rules of Civil Procedure § 40 (NCI3d)— consent judgment announced but not filed—answer struck as sanction**

The imposition of the sanction of striking defendant's answer was proper in a dram shop action where counsel for

both parties announced to the trial judge that the case was settled; a copy of the consent judgment was submitted to the judge and was signed by defense counsel, but no other party; the court removed the case from the trial calendar; the consent judgment was never filed; the court issued a show cause order; and the court struck defendants' answer after a hearing. Defendants were not found in contempt, and the Superior Court judge was well within the bounds of the court's inherent authority to manage the case docket when he struck defendants' answer. N.C.G.S. § 1A-1, Rule 40.

**Am Jur 2d, Judgments §§ 1084, 1088, 1089.**

APPEAL by defendants from an order entered 5 December 1989 by *Judge W. Douglas Albright* in Superior Court, GUILFORD County. Heard in the Court of Appeals 11 December 1990.

*Gabriel, Berry & Weston, by M. Douglas Berry, for plaintiff/appellees.*

*Scott, Hill, Hovis and Lutz, by Frederick S. Lutz, for defendant/appellants.*

LEWIS, Judge.

This appeal raises the issue of whether a Superior Court judge has the authority to impose sanctions striking the defendants' answer when the defendants renege on an agreement to settle the dispute. The case was removed from the trial calendar based upon counsels' representations in open court that the case had been settled.

Plaintiffs filed this dram shop action on 7 June 1988. Defendants filed an answer in response to plaintiffs' claims. The case was calendared for a trial on 23 October 1989.

On 23 October 1989, counsel for both parties announced to the trial judge that the case was settled. A copy of the consent judgment was submitted to the trial judge and was signed by counsel for the defendants, but was not signed by any other party. The consent judgment contained only the following two substantive paragraphs:

1. That the Plaintiffs, Thomas Lomax and wife, Betty Lomax shall have and recover of the Defendants, William Joyner Shaw

and Charles Franklin Shaw . . . the sum of Eighteen Thousand Seven Hundred Fifty-Eight Dollars and 70/100 ($18,758.70).

2. That each side shall bear their own cost in this action.

Based upon the representations of counsel that the case was settled, the court removed the case from the trial calendar. The consent judgment was never filed with the court and on 6 November 1989, the trial judge issued an Order to Show Cause as to why the judgment had not been executed.

On 4 December 1989 the judge held a Show Cause hearing and thereafter entered an order striking the defendants' answer for "the contumacious refusal to execute the settlement papers in this case heretofore exhibited to the court. . . ." From the order striking their answer, defendants appeal.

Defendants first argue that the trial court found them in criminal contempt of court and that the sanctions imposed are not authorized by statute. *See* N.C.G.S. § 5A-11 (1977). We disagree. Nowhere in the order does the trial court find the defendants in contempt. Instead, the order is titled, "Order Imposing Sanctions for Willful Failure to Effect Settlement Agreement." The Show Cause order was worded so that defendants were required to show cause why they should not be held in contempt or "otherwise sanctioned."

Rule 40 of our Rules of Civil Procedure states that the senior Superior Court judge "may provide by rule for the calendaring of actions for trial in the superior court division. . . ." N.C.G.S. § 1A-1, Rule 40 (1988). In conformity with the directive of Rule 40, Rule 2 of the General Rules of Practice for the Superior and District Courts Supplemental to the Rules of Civil· Procedure (hereinafter referred to as "General Rules of Practice") requires all attorneys of record to notify the court of settlement and by whom the settlement will be prepared and presented. The trial judge has the power to hold a party in contempt for willful or grossly negligent failure to comply with schedules and practices of the court resulting in substantial interference with the business of the court. N.C.G.S. § 5A-11 (1977). In this case, the senior resident Superior Court judge had made the following court-wide rule regarding calendaring and settlement of cases:

When any case which appears on a trial calendar is settled, the attorneys of record should forthwith, and without unnecessary delay, take all steps necessary to close the file and

are under an affirmative duty to file all necessary documents before the term expires. Failure to comply with this requirement may result in the imposition of sanctions.

We hold that the Superior Court judge was well within the bounds of the court's inherent authority to manage the case docket when he struck the defendants' answer. The defendants offered no plausible excuse as to why they did not execute the consent judgment, saying only that they "did not understand it." With only two paragraphs in the consent order, this is not in the realm of belief. In order to maintain an efficient and orderly system for calendaring and hearing cases in an increasingly congested justice system, the court must have inherent authority to impose sanctions for willful failure to comply with the applicable rules, no less local than statewide.

> Local rules adopted pursuant to G.S. 1A-1, Rule 40, are rules of court which are adopted to promote the effective administration of justice by insuring efficient calendaring procedures are employed. Wide discretion should be afforded in their application so long as a proper regard is given to their purpose.

*Forman and Zuckerman, P.A. v. Schupak*, 38 N.C. App. 17, 21, 247 S.E.2d 266, 269 (1978). Here, the senior resident Superior Court judge put counsel on notice that failure to file a consent order after representing to the judge that the case was settled could result in the imposition of sanctions. The defendants failed, without excuse, to enter the consent order as agreed. We find that the imposition of sanctions was proper.

Affirmed.

Judges ARNOLD and JOHNSON concur.