641 S.E.2d 395 (2007)
In the Matter of J.S.
No. COA06-1042.
Court of Appeals of North Carolina.
March 6, 2007.
E.B. Borden Parker, Goldsboro, for Wayne County Department of Social Services, petitioner appellee.
Sofie W. Hosford, Wilmington, for respondent-mother appellant.
Charlotte Gail Blake, Jefferson, for respondent-father appellant.
Parker Poe Adams & Bernstein, L.L.P., by Deborah L. Edney, Charlotte, for Guardian ad Litem appellee.
McCULLOUGH, Judge.
Respondent-parents appeal from the trial court's adjudication and disposition order finding and concluding that J.S. is an abused and neglected juvenile.
In 2002, J.S. was adjudicated neglected and dependent, custody was jointly given to respondent-father and the paternal grandmother of J.S., and respondent-mother was ordered to address mental health and substance abuse issues. On 13 March 2006, the Wayne County Department of Social Services (hereinafter "DSS") filed a juvenile petition in the Wayne County District Court alleging that J.S., a minor child, was abused and neglected. The facts alleged in support of the petition stated that J.S. was brought to DSS with multiple marks and bruises on her face, back, arms, hands and legs and that J.S. had been beaten by respondent-father. A non-secure custody order was thereafter entered by the court placing J.S. with her paternal grandmother in Georgia.
On 17 March 2006 and 27 March 2006 both respondent-parents filed motions for discovery with the district court seeking information in the custody of DSS. On 16 March 2006, Joseph E. Setzer, Jr., Chief District Court Judge of the Eighth Judicial District, entered an administrative order regarding all discovery motions filed in abuse, neglect and dependency cases in Wayne County, North Carolina, seeking to review records held by DSS. The order stated as follows:
Pursuant to the provisions of N.C. Gen. Stat. § 7A-146, effective immediately all discovery motions filed in Abuse/Neglect/Dependency *397 Court in Wayne County, North Carolina, seeking to review the records held by the Department of Social Services of said county as it relates to the Movant's clients or the children thereof, shall be deemed opposed to by the attorney of record for the Department of Social Services in said county. Both parties having waived formal argument, the Court grants the motion of discovery on behalf of the Movant and hereby directs the Department of Social Services to file with the assigned trial judge a copy of all records, with the reporter's identity redacted, requested by said Movant, said records to be reviewed by said judge prior to being released to the Movant's attorney by the case manager. Said records are to be delivered to the juvenile case manager by the Department of Social Services or its designee within seven work days of counsel for the DSS receiving notice for discovery. The Movant, upon notification from the case manager that said files are in her possession, has ten work days thereafter to review said files in the office of said case manager or any other place within the courthouse designated by said case manager or by the Court.
At the onset of the hearing in the district court, counsel for respondent-father made a motion to continue due to his inability to review discovery materials within the time allotted by the administrative order. Counsel for respondent-mother additionally made a motion for additional discovery due to the inability to review the documents in accordance with the administrative order. The court denied the motions.
Jenni Wiggins, a child protective services investigator with DSS, testified that, when J.S. was brought into DSS, she appeared dirty, her hair was matted, there were tears and grass stains on her blue jeans, bruises from head to toe and she had a swollen left hand. J.S. also had scratches on her back and belt marks on her legs. Jenni Wiggins further testified that respondent-father admitted to losing control, spanking J.S., hitting her in her mouth with his fist and hitting her with a belt. J.S. was taken to the hospital where it was ascertained that she had a fractured hand and ruptured spleen.
At the hearing, respondent-mother requested that custody of the juvenile be placed with her. The court found that respondent-mother was not employed at the time of the hearing, was living off money previously saved and had two other children living with her. The court further found that J.S.'s paternal grandmother continued to be a fit and proper person to have custody of J.S.
J.S. was adjudicated abused and neglected, custody was ordered to be continued with the paternal grandmother, respondent-father was ordered to have no contact with J.S., and DSS was ordered to conduct a home study on the home of respondent-mother.
Respondent-parents appeal.
Respondent-parents contend on appeal that the application of the administrative order issued by the Chief District Court Judge in Wayne County governing all discovery in abuse, neglect and dependency proceedings was an abuse of discretion and in violation of N.C. Gen.Stat. § 7A-146 and contradictory to N.C. Gen.Stat. § 7B-700.
Respondent-father specifically contends that the trial court erred in denying his motion to continue based on the administrative order where he was denied full and meaningful access to discovery materials, that he was not allowed sufficient time to review discovery materials, and that the administrative order is invalid due to its conflict with N.C. Gen.Stat. § 7B-700. Respondent-mother specifically contends that the administrative order was an abuse of discretion, violated N.C. Gen.Stat. § 7B-700 and exceeded the authority granted under N.C. Gen.Stat. § 7A-146.
The General Assembly has authorized our Supreme Court to promulgate rules of practice and procedure for the superior and district courts. N.C. Gen.Stat. § 7A-34 (2005). Pursuant to this authority, our Supreme Court requires the Senior Resident Judge and Chief District Judge in each judicial district to "take appropriate actions [such as the promulgation of local rules] to insure prompt disposition of any pending motions or *398 other matters necessary to move the cases toward a conclusion." N.C. Gen. R. Prac.Super. and Dist. Ct. 2(d) (2007); see also N.C. Gen.Stat. § 7A-146 (2005) (non-exclusive listing of the powers and duties of the Chief District Judge). "`Wide discretion should be afforded in [the] application [of local rules] so long as a proper regard is given to their purpose.'" Lomax v. Shaw, 101 N.C.App. 560, 563, 400 S.E.2d 97, 98 (1991) (applying local superior court rules) (quoting Forman & Zuckerman v. Schupak, 38 N.C.App. 17, 21, 247 S.E.2d 266, 269 (1978)).
Further, N.C. Gen.Stat. § 7B-700 governs the regulation of discovery under the juvenile code in cases involving neglect, abuse and dependency. The statute provides: "Upon written motion of a party and a finding of good cause, the court may at any time order that discovery be denied, restricted, or deferred." N.C. Gen.Stat. § 7B-700(a) (2005).
The administrative order in the instant case set forth a standard of uniformity by which all motions for discovery in abuse, neglect and dependency cases were to follow. The order provided a time and place for counsel to view the confidential juvenile records and did not unduly limit, restrict or deny access to such records. The gravamen of the problem in this case falls with the inability of the attorneys to make time to review the records in accordance with the administrative order promulgated by the Chief District Judge. Where the application of such rules is to be afforded wide discretion and it cannot be shown that such an order was in contradiction to the statutes set forth under the juvenile code, it cannot be said to be an abuse of discretion by the judge in the instant case to apply the administrative order and deny the motions to continue. Therefore the corresponding assignments of error are overruled.
Respondent-mother further contends that the trial court abused its discretion in denying her the opportunity to elicit statements of J.S. concerning past abuse by respondent-father through the testimony of her sister.
N.C. Gen.Stat. § 7B-901 states that "[t]he court may consider any evidence, including hearsay evidence as defined in G.S. 8C-1, Rule 801, that the court finds to be relevant, reliable, and necessary to determine the needs of the juvenile and the most appropriate disposition." N.C. Gen.Stat. § 7B-901 (2005). However, the North Carolina Supreme Court has stated that the trial courts have discretionary power to exclude cumulative testimony. In re Shue, 311 N.C. 586, 597, 319 S.E.2d 567, 574 (1984).
In the instant case, respondent-mother sought to introduce the testimony of her sister regarding statements made by J.S. about abuse by respondent-father. The transcript is abounding with testimony regarding the abuse of J.S. by respondent-father. In fact, respondent-mother's own brief to this Court admits that the evidence she sought to elicit from her sister was corroborative evidence which supported the testimony of respondent-mother. The exclusion of such testimony cannot be said to be error.
Respondent-mother argues next that the trial court abused its discretion in vesting custody of J.S. in the paternal grandmother.
Respondent-mother requested that the trial court award custody of J.S. to her. However, before the inception of the juvenile petition at issue in the instant case, J.S. was adjudicated neglected and dependent and joint custody was vested in respondent-father and the paternal grandmother. The evidence at trial tended to show that the paternal grandmother "was unaware of the severity of the situation" regarding the abuse of J.S. by respondent-father. The DSS report stated that the paternal grandmother had legal custody of J.S. at the time of the hearing, and J.S. was doing well in her placement. Further the trial court found that respondent-mother was unemployed at the time of the hearing and supporting two other children.
The trial judge noted at the close of the testimony that in order to consider respondent-mother as a viable option for custody, there needed to be a home study of respondent-mother's home and information from DSS regarding respondent-mother's history. Based on the aforementioned evidence, it cannot be said that the trial court abused its *399 discretion in continuing custody of J.S. with the paternal grandmother.
Finally, respondent-mother contends that the trial court erred in finding and concluding that J.S. was abused and neglected without assigning responsibility for the abuse and neglect to respondent-father.
The purpose of abuse, neglect and dependency proceedings is for the court to determine whether the juvenile should be adjudicated as having the status of abused, neglected or dependent. The North Carolina Supreme Court stated in In re Montgomery, "[i]n determining whether a child is neglected, the determinative factors are the circumstances and conditions surrounding the child, not the fault or culpability of the parent." In re Montgomery, 311 N.C. 101, 109, 316 S.E.2d 246, 252 (1984) (discussing neglect generally) (emphasis added). In contrast, proceedings to terminate parental rights focus on whether the parent's individual conduct satisfies one or more of the statutory grounds which permit termination. The purpose of the adjudication and disposition proceedings should not be morphed on appeal into a question of culpability regarding the conduct of an individual parent. The question this Court must look at on review is whether the court made the proper determination in making findings and conclusions as to the status of the juvenile.
In the instant case there is no question, nor is there a challenge to the findings and conclusions, that J.S. is an abused and neglected juvenile. Therefore, this assignment of error is overruled.
Respondent-father contends that the trial court erred in ordering that there be no contact between J.S. and respondent-father. We find no merit to this contention.
N.C. Gen.Stat. § 7B-905 states in part,
[a]ny dispositional order under which a juvenile is removed from the custody of a parent, guardian, custodian, or caretaker, or under which the juvenile's placement is continued outside the home shall provide for appropriate visitation as may be in the best interests of the juvenile and consistent with the juvenile's health and safety.
N.C. Gen.Stat. § 7B-905(c) (2005).
The testimony presented at the hearing along with DSS reports offered as evidence before the trial court tended to show that respondent-father beat J.S. two to three times a day with a belt, used his fist to hit J.S. in the mouth, stomped on J.S.'s stomach and caused J.S. to sustain the injuries of a fractured finger and ruptured spleen. No amount of contact between respondent-father and J.S. can be said to be in the best interest of J.S. or in anyway consistent with the health and safety of J.S.
Accordingly, the order of the trial court, finding and concluding that J.S. is an abused and neglected juvenile, is affirmed.
Affirmed.
Chief Judge MARTIN concurs.
Judge LEVINSON concurs in the result with a separate opinion.
LEVINSON, Judge concurring in the result.
I respectfully disagree with the majority's conclusion that the 16 March 2006 administrative discovery order is valid. I nevertheless agree the order on appeal should be affirmed because respondents have not shown that any error on the part of the trial court, including its enforcement of the administrative discovery order, prejudiced the outcome of the hearing.
By its terms, the administrative discovery order was entered because of the authority set forth in N.C. Gen.Stat. § 7A-146 (2005). This statute, even when applied broadly because the enumerated authorities included therein are not exclusive, does not grant the Chief District Court Judge authority to enter this order. Moreover, consistent with the arguments of respondents, the administrative order summarily bypasses the requirements set forth in N.C. Gen.Stat. § 7B-700 (2005): it necessarily "restricts" discovery in that it, inter alia, allows counsel to review documents for ten working days without the findings of "good cause" made essential by the statute.
*400 Even if Rule 2(d) of the General Rules of Practice for the Superior and District Courts affords authority for the Chief District Court judge to enter the administrative discovery order, it still cannot withstand challenge because it is expressly based on G.S. § 7A-146. And, unlike the majority opinion, I do not believe that the principles set forth in Lomax v. Shaw, 101 N.C.App. 560, 400 S.E.2d 97 (1991), and Forman & Zuckerman v. Schupak, 38 N.C.App. 17, 247 S.E.2d 266 (1978), support the entry of this administrative discovery order because these authorities concern rule-making authorities pursuant to N.C. Gen.Stat. § 1A-1, Rule 40 (2005) ("Assignment of cases for trial" and "continuances"). In short, whatever the application of Rule 2 or Rule 40, the administrative discovery order cannot be sustained because it was expressly based on Section 7A-146, and because it runs afoul of the requirements set forth in Section 7B-700.
While the administrative order is invalid, I agree to affirm the order on appeal because respondents have not shown that the limitations placed on their access to discovery prejudiced the outcome of the hearing.