IN RE: E.K. and J.K.[1]
No. COA08-138
Court of Appeals of North Carolina
Filed July 15, 2008
This case not for publication
John C. Adams, for Buncombe County Department of Social Services, petitioner-appellee.
Michael N. Tousey, attorney advocate for Guardian ad Litem.
Michael E. Casterline, for respondent-appellant.
MARTIN, Chief Judge.
Respondent-appellant is the father of E.K. On 5 March 2007, the Buncombe County Department of Social Services ("petitioner") filed a juvenile petition alleging that E.K. is an abused and neglected child. The court entered an order on the same date awarding nonsecure custody of the child to petitioner. On 25 May 2007, the court ordered mediation and continued the adjudication and disposition hearing to 9 July 2007. At the conclusion of the hearing, the court entered orders adjudicating the child as abused and neglected and retaining the child in petitioner's custody.
The court found as a fact that respondent "mediated that the minor child is an abused and neglected child based on the allegations contained in the juvenile petition and that the allegations as modified are true and correct." The findings of fact further stated that the parties stipulated that the "court could conclude as a matter of law that the minor child is an abused and neglected child." The findings of fact also stated that the court received into evidence without objection by any party a copy of the mediated settlement agreement.
By his first assignment of error, respondent contends the court's "findings of fact do not support the conclusion that the minor children are abused or neglected because there is no determination that the parents have engaged in conduct that has harmed the children." He argues that, because the mediated agreement between the parties does not fully resolve the "disputed issues between the parties, the trial court's findings are not supported by evidence and cannot support a conclusion of abuse or neglect."
The Juvenile Code expressly permits the entry of a consent judgment in an abuse, neglect, or dependency proceeding. Specifically, Article 9 of Chapter 7B provides: Nothing in this Article precludes the court from entering a consent order or judgment on a petition for abuse, neglect, or dependency when all parties are present, the juvenile is represented by counsel, and all other parties are either represented by counsel or have waived counsel, and sufficient findings of fact are made by the court.
N.C. Gen. Stat. § 7B-902 (2007). Furthermore, the General Assembly has encouraged parties to juvenile proceedings to reach settlements by authorizing the Administrative Office of the Courts to establish "a Permanency Mediation Program to provide statewide and uniform services to resolve issues in cases under this Subchapter in which a juvenile is alleged or has been adjudicated to be abused, neglected, or dependent, or in which a petition or motion to terminate a parent's rights has been filed." N.C. Gen. Stat. § 7B-202(a) (2007). This statute further provides in pertinent part:
Any agreement reached by the parties as a result of the mediation . . . shall be reduced to writing, signed by each party, and submitted to the court as soon as practicable. Unless the court finds good reason not to, the court shall incorporate the agreement in a court order, and the agreement shall become enforceable as a court order. If some or all of the issues referred to mediation are not resolved by mediation, the mediator shall report that fact to the court.
N.C. Gen. Stat. § 7B-202(e).
In the case at bar, all parties were present and represented by counsel and all terms of the mediation agreement were agreed upon. All of the parties expressly agreed that E.K. "will be adjudicated an abused and neglected child." In open court, respondent, through counsel, signed the agreement and acknowledged that it was his agreement. Counsel also stipulated in open court that the petition contained sufficient facts to support the adjudication. We accordingly overrule this assignment of error.
Respondent next contends that the court impermissibly made a determination that the child was abused and neglected based upon the child's status, not the conduct of the parents. "The purpose of abuse, neglect and dependency proceedings is for the court to determine whether the juvenile should be adjudicated as having the status of abused, neglected or dependent." In re J.S., 182 N.C. App. 79, 86, 641 S.E.2d 395, 399 (2007). Our Supreme Court has affirmatively declared that, "[i]n determining whether a child is neglected, the determinative factors are the circumstances and conditions surrounding the child, not the fault or culpability of the parent." In re Montgomery, 311 N.C. 101, 109, 316 S.E.2d 246, 252 (1984). Accordingly, we will not allow an abuse or neglect proceeding to "be morphed on appeal into a question of culpability regarding the conduct of an individual parent." In re J.S., 182 N.C. App. at 86, 641 S.E.2d at 399. We thus overrule this assignment of error.
Respondent lastly contends that the court erred by not allowing him to have contact with his children when he was not found to have engaged in any conduct that was harmful to them. The Juvenile Code provides that a disposition order which removes a child from a parent "shall provide for appropriate visitation as may be in the best interests of the juvenile and consistent with the juvenile's health and safety." N.C. Gen. Stat. § 7B-905(c) (2007). In the absence of findings that the parent has forfeited their right to visitation or that it is in the child's best interest to deny visitation `the court should safeguard the parent's visitation rights by a provision in the order defining and establishing the time, place[,] and conditions under which such visitation rights may be exercised.'
In re E.C., 174 N.C. App. 517, 522, 621 S.E.2d 647, 652 (2005) (quoting In re Custody of Stancil, 10 N.C. App. 545, 552, 179 S.E.2d 844, 849 (1971)). "This Court reviews the trial court's dispositional orders of visitation for an abuse of discretion." In re C.M., 183 N.C. App. 207, 215, 644 S.E.2d 588, 595 (2007). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason." White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).
The court found that the child is "highly sexualized," most likely the result of "sexual molestation by an adult." The court also found, based upon statements the child made indicating respondent has inappropriately touched her, "[i]t is in the best interest of the minor children . . . that the court proceed with disposition on the finding that the respondent father is most likely to be the perpetrator of the sexual abuse of [E.K.], until and unless further disclosures or evidence require a change in this finding." The court further found that
[i]t is in the best interest of [E.K.] that supervised visitation between [E.K.] and her parents should be at the recommendation of her therapist . . . in conjunction with the Child and Family Team. So long as the respondent father has not been eliminated as the perpetrator, unsupervised contact between him and the minor child[] would not be in [her] best interest.
We conclude that these findings are supported by reason. We find no abuse of discretion.
The adjudication and disposition orders are affirmed.
Affirmed.
Judges ELMORE and ARROWOOD concur.
Report per Rule 30(e).
NOTES
[1] Although the case caption appearing on the cover page of the record on appeal lists lower case file numbers, 07-JA-88 pertaining to juvenile E.K. and 07-JA-89 pertaining to juvenile J.K., only the adjudication and disposition orders in case number 07-JA-88 are contained in the record on appeal. Moreover, the notice of appeal, captioned solely "In the Matter of E.K." only references the adjudication and disposition orders entered in case number 07-JA-88. Our jurisdiction is limited to review of an order or orders specifically designated in the notice of appeal. Chee v. Estes, 117 N.C. App. 450, 452, 451 S.E.2d 349, 350 (1994). We thus limit our review to case number 07-JA-08.