IN THE MATTER OF ZAHRA CLARE BAKER INVESTIGATION

No. COA11-313

(Filed 17 April 2012)

**1. Appeal and Error—mootness—capable of repetition—evaded review**

The State's appeal from the trial court's order to unseal search warrants was not moot even though the warrants had already been unsealed and released as the matter was capable of repetition yet evaded review.

**2. Public Records—sealed search warrants—order unsealing records—complied with mandate**

The trial court did not err in a case involving sealed search warrants by failing to give effect to the plain language in the original orders commanding that the records remain sealed and not released to the public until further order of the court. The trial court complied with the senior resident judge's mandate regarding the duration of orders sealing search warrants from public review.

**3. Public Records—delivery of previously sealed records to Clerk—hearing not required—sufficient notice given—compliance with mandate**

The trial court did not err in a case involving sealed search warrants by ordering the clerk of court to deliver documents previously sealed by orders of the superior court without any motion, hearing, or notice to the State. As the prosecution failed to make a timely motion to extend the orders sealing the warrants, the trial court was not required to engage in a test to balance the right to access the contents of the sealed search warrants against the governmental interests in protecting against premature release. Further, the State's contention that it was not on notice of the delivery of these previously sealed records was rejected and the trial court's compliance with the senior resident judge's administrative order was not an abandonment of the court's obligation.

**4. Public Records—sealed search warrants—release—not impermissible exercise of jurisdiction**

The trial court's order releasing previously sealed search warrants and corresponding documents did not impermissibly exercise appellate jurisdiction to resolve a conflict between the

IN RE BAKER INVESTIGATION

[220 N.C. App. 108 (2012)]

administrative order and the prior orders issued sealing the search warrants. The order releasing the sealed warrants was not in conflict with the prior orders sealing the warrants.

**5. Public Records—sealed search warrants—release in accordance with administrative order** .

The State's argument that the trial court erred in concluding that the administrative order at issue limited the discretion of the court in entering orders sealing warrants and related documents lacked merit. The search warrants and corresponding documents were unsealed in accordance with administrative procedures established by the senior resident superior court judge.

Appeal by the State from order entered 30 November 2010 by Judge Nathaniel J. Poovey in Catawba County Superior Court. Heard in the Court of Appeals 16 November 2011.

*District Attorney James C. Gaither, Jr., and Assistant District Attorney Eric R. Bellas for the State.*

*Stevens Martin Vaughn & Tadych, PLLC, by C. Amanda Martin, for defendant-appellee.*

BRYANT, Judge.

Where the search warrants at issue were unsealed in accordance with procedures set forth in the administrative order of the resident superior court judge and where the State failed to make a timely motion to extend the period for which the documents were sealed, there was no error by the superior court in unsealing the search warrants and corresponding documents.

In the afternoon of 9 October 2010, Zahra Baker, born 16 November 1999, was reported missing. Earlier that morning, just before 5:30 a.m., an officer with the Hickory Police Department, at the request of the Hickory Fire Department, responded to a residence located at 21 21st Avenue Northwest. The fire department had responded to a call reporting a burning pile of debris. A fireman drew the police officer's attention to a note found on the front windshield of a 1996 Chevrolet Tahoe located at the residence. The note stated "Mr. Coffey, you like being in control now who is in control we have your daughter and your pot smoking red head son is next unless you do what is asked 1,000,000 unmarked will be in touch soon." Mark Coffey and his only daughter were at the residence and determined to

be unharmed. At 6:41 a.m., the officer and the Hickory Fire Department left the residence.

At 2:00 p.m. that afternoon, officers with the Hickory Police Department again responded to the residence after receiving a call from Adam Baker stating that the previous night someone left a note stating that his boss's daughter had been abducted. However, it was Baker's own daughter, Zahra, who was missing. Thereafter, an investigation ensued involving local, state, and federal law enforcement agencies.

On 29 September 2010, prior to the issuance of any warrant in the case of Zahra's disappearance, an administrative order on sealing warrants was filed by Judicial District 25B Senior Resident Superior Court Judge Timothy S. Kincaid. The order set out the procedures applicable "to a request to seal or redact an arrest or search warrant, a search warrant application, a search warrant affidavit, an inventory of seized items pursuant to a search warrant, or other similar court documents." The order was made effective for all sealing motions filed on or after 1 October 2010.

Between 11 and 29 October 2010, at least thirteen search warrants were issued in the investigation of the disappearance of Zahra Baker. The subject matter of the search warrants ranged between a search of persons, the residence at 21 21st Avenue Northwest, cell phone records, email accounts, and social networking site accounts. As each search warrant was issued, the State made a motion either in Catawba County Superior Court or Catawba County District Court for an order sealing the warrant and its return until further order of the Court. As to each motion, the court made the following finding:

> [I]t appearing to the Court that the release of information contained in said court order, application, and motion and its return will potentially undermine an ongoing investigation or jeopardize the right of the State to prosecute a defendant or defendants or jeopardize the right of a defendant or defendants to receive a fair trial . . . .

As to each motion, the court ordered "that this search warrant and its return be sealed and not released to the public until further order of the Court."

On 29 November 2010, a number of news media organizations— print and television – made a public records request for search warrants more than thirty days old. Shortly thereafter, the State filed a

IN RE BAKER INVESTIGATION

[220 N.C. App. 108 (2012)]

motion and an amended motion to extend the orders sealing the warrants and their returns. On 30 November 2010, in response to the media's public records request, Catawba County Superior Court Judge Nathaniel Poovey ordered that search warrants sealed for more than thirty days at the time of the request be unsealed. The order specified that "Paragraph 10(c) of [Judge Kincaid's] Administrative Order [on sealing warrants] provides that any order directing that a warrant, warrant affidavit or other document be sealed or redacted shall expire in 30 days unless a different expiration date is specified in the order." Judge Poovey's order unsealing certain warrants found that the State filed a motion to extend the sealing of the orders after media organizations requested copies of search warrants that were more than 30 days old. The Superior Court ordered that "[the] clerk shall immediately deliver copies of materials related to the eleven warrants that were sealed more than 30 days prior to the State's November 29 motion to anyone making such a request . . . ." The State, by and through the District Attorney, appeals.

---

On appeal, the State raises the following four issues: Did the lower court err (I) in not giving effect to the plain language in the original sealing orders; (II) by ordering the delivery of documents previously sealed by order of the court without any hearing, motion, or notice to the State; (III) by exercising appellate jurisdiction; and (IV) by concluding that an administrative order of general applicability limited the discretion of the trial court.

[1] The State acknowledges that the documents affected by the superior court order have been unsealed and released but contends that the issue is not moot. The State contends that the matter falls within the exception to the mootness rule whereby an appellate court will hear a matter in dispute if such is capable of repetition yet evading review. The State cites *In re Search Warrants Issued in Connection with the Investigation into the Death of Nancy Cooper*, 200 N.C. App. 180, 683 S.E.2d 418 (2009).

> This exception is applicable if '(1) the challenged action is too short in duration to be fully litigated and (2) there is a reasonable expectation that the same party will be subjected to the same action again.' The search warrants and attendant documents were sealed for a thirty day period. '[T]his kind of secrecy order is usually too short in duration to be litigated fully.' There is also a reasonable expectation that the issue of a

party being denied access to a search warrant and related documents due to a sealing order would be capable of repetition.

*Id.* at 185, 683 S.E.2d at 423 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 63 (4th Cir. 1989)). We agree, the matter is capable of repetition yet evades review. Accordingly, the appeal is not barred on grounds that the matter is moot.

*I*

[2] In its first argument, the State contends the trial court erred by failing to give effect to the plain language in the original orders commanding that the records remain sealed "and not released to the public until further order of the Court." The State contends that Judge Poovey impermissibly modified the orders of four superior court judges[1] by issuing an order unsealing eleven warrants and their associated documents on the basis of an administrative order which directed that documents sealed by court order be unsealed after thirty days. We disagree.

> The General Assembly has authorized our Supreme Court to promulgate rules of practice and procedure for the superior and district courts. N.C. Gen. Stat. § 7A-34 (2005). Pursuant to this authority, our Supreme Court requires the Senior Resident Judge and Chief District Judge in each judicial district to "take appropriate actions [such as the promulgation of local rules] to insure prompt disposition of any pending motions or other matters necessary to move the cases toward a conclusion." N.C. Gen. R. Prac. Super. and Dist. Ct. 2(d) (2007); *see also* N.C. Gen. Stat. § 7A-146 (2005) (non-exclusive listing of the powers and duties of the Chief District Judge). " 'Wide discretion should be afforded in [the] application [of local rules] so long as a proper regard is given to their purpose.' " *Lomax v. Shaw*, 101 N.C. App. 560, 563, 400 S.E.2d 97, 98 (1991) (applying local superior court rules) (quoting *Forman & Zuckerman v. Schupak*, 38 N.C. App. 17, 21, 247 S.E.2d 266, 269 (1978)).

---

1. The information contained in thirteen search warrants and their returns was ordered sealed by four superior court judges and one district court judge over a period of two-and-a-half weeks. However, because the State's motion to extend the orders sealing the records was filed on Monday, 29 November 2010, Judge Poovey concluded that the State's motion was timely filed with regard to warrants sealed by court orders entered 27 and 29 October 2010.

*In re J.S.*, 182 N.C. App. 79, 84, 641 S.E.2d 395, 397-98 (2007) (original brackets).

> Access to public records in North Carolina is governed gener-
> ally by our Public Records Act, codified as Chapter 132 of the
> North Carolina General Statutes. Chapter 132 provides for lib-
> eral access to public records. *News & Observer Publ'g Co.
> v. Poole*, 330 N.C. 465, 475, 412 S.E.2d 7, 13 (1992). Absent
> "clear statutory exemption or exception, documents falling
> within the definition of 'public records' in the Public Records
> Law must be made available for public inspection." *Id.* at 486,
> 412 S.E.2d at 19.

*Virmani v. Presbyterian Health Servs. Corp.*, 350 N.C. 449, 462, 515 S.E.2d 675, 685 (1999), quoted by *In re Search Warrants of Cooper*, 200 N.C. App. at 186, 683 S.E.2d at 424. Under North Carolina General Statutes, section 132-1.4(k), arrest and search warrants that have been returned by law enforcement agencies, indictments, criminal summons, and nontestimonial identification orders are public records. N.C. Gen. Stat. § 132-1.4(k) (2011).

Here, the administrative order issued by Judge Kincaid set forth uniform procedures applicable to "[any] request to seal or redact an arrest or search warrant, a search warrant application, a search war-rant affidavit, an inventory of seized items pursuant to a search war-rant, or other similar court documents" made on or after 1 October 2010. Specifically, the order established that "[a]ny order directing that a warrant affidavit or other document be sealed or redacted . . . [s]hall expire in thirty (30) days unless a different expiration date is specified in the order . . . ." The administrative order further provided that "[t]he State may move for an extension of an order sealing or redacting a court document, and the existing order shall remain in effect until the motion for extension is decided."

Judge Poovey's order unsealing certain search warrants set out the following:

> When possible, orders shall be read in such a way as to resolve
> or avoid conflict. Such a reading of the administrative order
> and the various orders entered in the matter of the investiga-
> tion of the disappearance of Zahra Clare Baker yields the
> result that the sealing orders were to remain in place for a
> maximum of 30 days but that time could be shortened by an
> order of the court or lengthened by further order upon a
> motion made by the State.

Judge Poovey made the unchallenged finding that the State failed to make a motion for an extension of the orders sealing the search warrants and accompanying documents within the thirty-day period the warrants were sealed and did not file a motion to extend the period the warrants were sealed until after a request was made to unseal the documents. Therefore, in accordance with the administrative order establishing the procedure for sealing arrest or search warrants, Judge Poovey unsealed the applicable search warrants.

Given the wide discretion afforded the Senior Resident Superior Court Judge by our Supreme Court in the promulgation of local rules and because the State not only fails to show that Judge Poovey's order violated the administrative order of the Senior Resident Judge but rather illustrates Judge Poovey's compliance with the Senior Resident Judge's mandate regarding the duration of orders sealing search warrants from public review, the State's argument that Judge Poovey failed to give effect to the language in the orders commanding that the warrants remain sealed "and not released to the public until further order of the Court" is overruled. *See In re J.S.*, 182 N.C. App. at 84, 641 S.E.2d at 397-98.

. *II*

[3] The State next argues that Judge Poovey erred by ordering the Clerk of Court to deliver documents previously sealed by orders of the Superior Court without any motion, hearing, or notice to the State. The State contends that by failing to make findings of fact with regard to grounds for unsealing the records requested, Judge Poovey failed to weigh the right of access to records against the compelling governmental interests sought to be protected by the prior orders and, thus, abandoned the obligation to protect against the premature release of the warrants and to protect the interests of the public, the State, and those potential defendants. We disagree.

The administrative order issued by Judge Kincaid in accordance with the authority conferred by our Supreme Court and effective at the time the search warrants in the investigation of Zahra's disappearance were issued and sealed, afforded an opportunity and corresponding procedure for the trial court to engage in the requested balancing test: the opportunity arose when the State made a motion to extend the orders sealing the warrants and their returns. *See* N.C.G.S. § 7A-34 ("The Supreme Court is hereby authorized to prescribe rules of practice and procedure for the superior and district courts supplementary to, and not inconsistent with, acts of the General Assembly.");

**IN RE BAKER INVESTIGATION**

[220 N.C. App. 108 (2012)]

N.C. Gen. R. Prac. Super. and Dist. Ct. 1 (2012) ("[The general rules of practice for superior and district court] shall at all times be construed and enforced in such manner as to avoid technical delay and to permit just and prompt consideration and determination of all the business before them."); *In re J.S.*, 182 N.C. App. at 84, 641 S.E.2d at 398 ("Wide discretion should be afforded in [the] application [of local rules] so long as a proper regard is given to their purpose.").

Here, the prosecution failed to make a timely motion to extend the orders sealing the warrants and did not file a motion until after media organizations filed a public records request to view the warrants. Therefore, the administrative order did not require the trial court to engage in a test to balance the right to access the contents of the sealed search warrants against the governmental interests in protecting against premature release.

As for the State's assertion regarding the lack of notice, Judge Poovey's order unsealing the warrants made the unchallenged finding that copies of the Administrative Order were distributed to "the chief district judge, the district attorney, the clerk of superior court, the county attorney of Catawba County, the city attorneys for the municipalities in Catawba County, and to representatives of all municipal police departments." Further, the administrative order set out that "[a]ny order directing that a warrant or warrant affidavit or other document be sealed or redacted . . . [s]hall expire in thirty (30) days unless a different expiration date is specified in the order . . . ." We reject the State's contention that it was not on notice of the delivery of these previously sealed records. Furthermore, the media organizations made their public records request prior to but on the same day the State requested an extension of the orders sealing the records. The trial court ruled on the records request ordering the records unsealed the following day. Absent authority requiring a specific type of notice of release of documents, we find there was sufficient notice that the records could be released.

While we state no opinion on the authority of a superior court to *ex mero motu* weigh the right of access to sealed records against governmental interests, we do hold that Judge Poovey's unsealing of the warrants and corresponding documents in compliance with the administrative order of the senior resident superior court judge was not an abandonment of the court's obligation to protect the interests of the public, the State, and those potential defendants. The State

does not challenge Judge Kincaid's authority to issue the administrative order nor the validity of the administrative order. To hold that Judge Poovey's compliance with Judge Kincaid's administrative order was an abandonment of the court's obligation would render impotent the authority to be exercised by senior resident superior court judges in accordance with the directive of our Supreme Court to prescribe rules of practice and procedure for the superior and district courts to be "construed and enforced in such manner as to avoid technical delay and to permit just and prompt consideration and determination of all the business before them." N.C. Gen. R. Prac. Super. and Dist. Ct. 1.

We also note that Judge Poovey's order does acknowledge the long held judicial principles of openness, the presumptive right to access court records, and the need to narrowly tailor restrictions upon such a right. In so doing, it appears Judge Poovey considered the procedures set forth in the administrative order of Judge Kincaid, the notice of the administrative order provided to the District Attorney, the failure of the State to make a motion to extend the orders sealing the warrants, and the request by media organizations to review documents previously sealed by court orders for which the period of non-disclosure had expired. This does not constitute an abandonment of the court's obligation. Accordingly, this argument is overruled.

## III

[4] Next, the State argues that Judge Poovey's order impermissibly exercised appellate jurisdiction to resolve a conflict between the administrative order and the prior orders issued sealing the search warrants. We disagree.

As we have reasoned, Judge Poovey's order releasing the sealed warrants and corresponding documents was not in conflict with the prior orders sealing the warrants and their returns "until further order of the Court"; therefore, we overrule this argument.

## IV

[5] Lastly, the State argues that Judge Poovey erred in concluding that the administrative order limited the discretion of the court in entering orders sealing warrants and related documents.

We do not see that Judge Poovey concluded that the administrative order limited the discretion of the superior court, only that the

search warrants and corresponding documents were unsealed in accordance with administrative procedures established by the senior resident superior court judge and in the absence of a timely motion by the State to extend the period of time for which the records were sealed. Accordingly, this argument is overruled.

No error.

Judges CALABRIA and STROUD concur.