**IN RE S.H.**

[217 N.C. App. 140 (2011)]

IN THE MATTER OF: S.H., E.L., W.L., Minor Children

No. COA11-756

(Filed 15 November 2011)

**1. Child Abuse, Dependency, and Neglect—neglect adjudica-
tion—findings**

A mother's challenge to a trial court order adjudicating three
of her four children neglected (with the fourth having been sepa-
rately found neglected) lacked merit where the trial court's
findings concerning neglect had ample evidentiary support,
showed that the trial court had considered all relevant factors in
an appropriate manner, and adequately supported the conclusion.

**2. Child Abuse, Dependency, and Neglect—dispositional
order—best interests of children**

There was no merit to the parents' challenge to a disposi-
tional order that the neglected children remain in DSS custody
with supervised visitation where returning the children to the
parents' home was not in the children's best interests.

**3. Child Abuse, Dependency, and Neglect—placement in DSS
custody—no finding that more care needed**

The trial court erred by placing neglected children in DSS
custody without specifically determining that they needed more
adequate care or supervision than they could receive in the par-
ents' home. The relevant statutory language requires that the
finding be made as a precondition for the adoption of one of
the dispositional alternatives outlined in N.C.G.S. § 7B-903(a)(2).

Appeal by respondents from order entered 5 April 2011 by Judge
Mark Galloway in Caswell County District Court. Heard in the Court
of Appeals 24 October 2011.

*Stuart N. Watlington for Caswell County Department of Social
Services, petitioner-appellee.*

*Deana K. Fleming, for guardian ad litem.*

*Charlotte Gail Blake for respondent-appellant mother.*

*Michael E. Casterline for respondent-appellant father.*

ERVIN, Judge.

**IN RE S.H.**

[217 N.C. App. 140 (2011)]

Respondent-Father W. L. and Respondent-Mother Dominique L. appeal from an order concluding that their three oldest children, S.H., E.L., and W.L.[1] were neglected juveniles and that all three children should remain in the custody of the Caswell County Department of Social Services. On appeal, Respondent-Mother argues that the trial court erred by concluding that Susan, Emily, and Wes are neglected juveniles. In addition, both Respondent-Father and Respondent-Mother contend that the trial court erred by ordering that the children remain in DSS custody. After careful consideration of the challenges to the trial court's order advanced by Respondent-Father and Respondent-Mother in light of the record and the applicable law, we conclude that the trial court's adjudication order should be affirmed, that the trial court's dispositional order should be reversed, and that this case should be remanded to the Caswell County District Court for further proceedings not inconsistent with this opinion, including the entry of a new dispositional order.

## I. Factual Background

On 6 October 2010, DSS filed juvenile petitions alleging that Susan, Emily, and Wes were neglected juveniles on the grounds that they did not receive proper care, supervision or discipline from their parents and lived in an environment that was injurious to their welfare. More specifically, DSS alleged that, on 2 October 2010, the children's youngest sibling, D.L.,[2] had suffered cardiac arrest as the result of starvation and had to be airlifted to UNC Hospital. In addition, DSS alleged that Respondent-Father had disciplined Wes using a fishing pole and belt, resulting in scarring on his back.

On 21 October 2010, the trial court conducted a hearing concerning a separate juvenile petition that DSS filed with respect to Dawn. On 22 November 2010, the trial court entered an order finding that Dawn was an abused and neglected juvenile. In response to an appeal noted by Respondent-Father and Respondent-Mother, this Court filed an opinion on 5 July 2011 affirming the trial court's adjudication and disposition order with respect to Dawn. *In re D.L.*, No. COA11-60, 2011 N.C. App. LEXIS 1405 (5 July 2011).

---

1. S.L., E.L., and W.L. will be referred to throughout the remainder of this opinion as Susan, Emily, and Wes, respectively, which are pseudonyms that will be used to protect the juveniles' privacy and for ease of reading.

2. D.L. will be referred to throughout the remainder of this opinion as Dawn, which is a pseudonym that will be used to protect the child's privacy and for ease of reading.

**IN RE S.H.**

[217 N.C. App. 140 (2011)]

The trial court conducted adjudication and disposition hearings concerning the petitions relating to Susan, Emily, and Wes beginning on 14 December 2010 and concluding on 4 January 2011. On 5 April 2011, the trial court entered an order finding that Susan, Emily, and Wes were neglected juveniles and ordering that they remain in DSS custody, subject to visitation with Respondent-Father and Respondent-Mother. Respondent-Father and Respondent-Mother noted an appeal to this Court from the trial court's order.

## II. Legal Analysis

### A. Adjudication

[1] "The purpose of abuse, neglect and dependency proceedings is for the court to determine whether the juvenile should be adjudicated as having the status of abused, neglected or dependent." *In re J.S.*, 182 N.C. App. 79, 86, 641 S.E.2d 395, 399 (2007). In reviewing an order concluding that a juvenile is neglected, this Court determines whether the trial court's findings of fact are supported by clear and convincing evidence and whether those findings of fact support the trial court's conclusions of law. *In re Gleisner*, 141 N.C. App. 475, 480, 539 S.E.2d 362, 365 (2000). On appeal, Respondent-Mother contends that the trial court erred by concluding that Susan, Emily, and Wes were neglected juveniles on the grounds that the trial court gave excessive weight to its prior determination that Dawn was an abused and neglected juvenile. We do not find Respondent-Mother's argument persuasive.

A neglected juvenile is one

> who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law.

N.C. Gen. Stat. § 7B-101(15). "[T]his Court has consistently required that there be some physical, mental, or emotional impairment of the juvenile or a substantial risk of such impairment as a consequence of the failure to provide 'proper care, supervision, or discipline' " as a precondition for concluding that a particular juvenile is neglected. *In re Safriet*, 112 N.C. App. 747, 752, 436 S.E.2d 898, 901-02 (1993) (citations omitted). "It is well established that the trial court need not wait

for actual harm to occur to the child if there is a substantial risk of harm to the child in the home." *In re T.S.*, 178 N.C. App. 110, 113, 631 S.E.2d 19, 22 (2006), *aff'd*, 361 N.C. 231, 641 S.E.2d 302 (2007). In predicting whether there is a substantial risk of future abuse or neglect, the court must consider "the historical facts of the case." *In re McLean*, 135 N.C. App. 387, 396, 521 S.E.2d 121, 127 (1999). As a result, a trial court may consider "whether that juvenile lives in a home where another juvenile has died as a result of suspected abuse or neglect or lives in a home where another juvenile has been subjected to abuse or neglect by an adult who regularly lives in the home" in determining whether a juvenile is neglected. N.C. Gen. Stat. § 7B-101(15). A determination of the weight to be afforded to evidence of prior abuse or neglect of another child is committed to the sound discretion of the trial court. *In re Nicholson and Ford*, 114 N.C. App. 91, 94, 440 S.E.2d 852, 854 (1994).

As its adjudication order reflects, the trial court properly considered the evidence tending to show that Dawn was an abused or neglected juvenile in determining whether Respondent-Father and Respondent-Mother had neglected Susan, Emily, and Wes. All three children witnessed the slow deterioration of their younger sister's health as a result of the failure of Respondent-Father and Respondent-Mother to seek and obtain medical treatment for her. Moreover, a careful examination of the trial court's adjudication order shows that it considered additional evidence bearing on the issue of neglect besides the prior abuse and neglect to which Dawn was subjected. Among other things, the trial court found that Susan, Emily, and Wes had never received any medical care while in their parents' home. In addition, the trial court found that Respondent-Father had beaten Wes with various implements for disciplinary purposes such that Wes experienced pain for several days and sustained deep bruising and scarring to his back. Although Respondent-Mother may not have inflicted these injuries, she failed to prevent this abuse from occurring. "It is settled law that nonfeasance as well as malfeasance by a parent can constitute neglect." *In re Adcock*, 69 N.C. App. 222, 224, 316 S.E.2d 347, 348 (1984) (citation omitted). Moreover, "[i]n determining whether a child is neglected, the determinative factors are the circumstances and conditions surrounding the child, not the fault or culpability of the parent." *In re Montgomery*, 311 N.C. 101, 109, 316 S.E.2d 246, 252 (1984). As a result, given that the trial court's findings concerning the neglect issue had ample evidentiary support, showed that the trial court considered all relevant factors in an appropriate manner, and adequately supported the trial court's con-

clusion that Susan, Emily, and Wes were neglected juveniles, we conclude that Respondent-Mother's challenge to the trial court's adjudication order lacks merit.

## B. Disposition

### 1. Failure to Order that the Children be Returned Home

[2] "The district court has broad discretion to fashion a disposition from the prescribed alternatives in N.C. Gen. Stat. § 7B-903(a), based upon the best interests of the child." *In re B.W.*, 190 N.C. App. 328, 336, 665 S.E.2d 462, 467 (2008). For that reason, "[w]e review a dispositional order only for abuse of discretion." *Id.* A trial court's discretionary ruling "is to be accorded great deference and will be upset only upon a showing that that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

The trial court's findings of fact clearly establish that Susan, Emily, and Wes lived in an environment that was injurious to their welfare given that Respondent-Father and Respondent-Mother failed to take the children for medical treatment and inappropriately disciplined Wes. The trial court also found that returning the children to their parents' custody would be contrary to their health, safety and welfare. According to the trial court, Susan, Emily, and Wes currently reside with their maternal aunt, who was a licensed therapeutic foster parent prior to taking the children into her home. The trial court expressed concern, based upon reports that had been presented for its consideration at the dispositional hearing, that Respondent-Father "might allow his desire to reunite this family, which at this point appears to be very strong, to manifest itself [in] behavior that other folks might find threatening." As a result, the trial court determined that "what is best for these children is for them to be back in a home that is safe, and this Court will have to make sure that there is a level of safety in the home." In order to achieve that end, the trial court determined that the children should remain in DSS custody and have supervised visitation with their parents at least once each month.

In her brief before this Court, Respondent-Mother contends that the trial court erred in determining that it was contrary to the juveniles' health, safety and welfare to be returned to the parents' home. Similarly, Respondent-Father argues that the trial court's findings of fact do not support its determination that returning Susan, Emily, and Wes to the parents' custody would be contrary to the children's health, safety and welfare and argues that the evidence received for

dispositional purposes and the trial court's findings of fact demonstrate that the trial court should have made the opposite decision. After carefully examining the trial court's order, however, we hold, based on the information cited above, that the that returning the children to the parents' home was not in the children's best interests. As a result, we conclude that the parents' challenges to the substance of the trial court's dispositional order lack merit.

## 2. Need for Adequate Care or Supervision

[3] Finally, Respondent-Father contends that the trial court erred by placing the children in DSS custody without specifically determining that they needed more adequate care or supervision than they could receive in the parents' home. This contention has merit.

According to N.C. Gen. Stat. § 7B-903(a), the trial court may choose one or more of the following dispositional alternatives to the extent that they are in the best interests of the juvenile: (1) dismiss or continue the case or (2), "[i]n the case of any juvenile who needs more adequate care or supervision or who needs placement[:]" (a) require that the juvenile be supervised in the juvenile's own home by the department of social services; (b) place the juvenile in the custody of a parent, relative, private agency offering placement services, or some other suitable person; or (c) place the juvenile in the custody of the department of social services in the county of the juvenile's residence. N.C. Gen. Stat. § 7B-903(a). Thus, the relevant statutory language plainly and unambiguously indicates that the trial court's ability to adopt one of the dispositions outlined in N.C. Gen. Stat. § 7B-903(a)(2), including placing the juvenile in DSS custody, is limited to situations involving a "juvenile who needs more adequate care or supervision or who needs placement." We are required to give effect to clear and unambiguous statutory language, *In re A.R.G.*, 361 N.C. 392, 396, 646 S.E.2d 349, 351 (2007), and conclude, for that reason, that the relevant statutory language requires that a finding that the "juvenile . . . needs more adequate care or supervision or needs placement" be made as a precondition for the adoption of one of the dispositional alternatives outlined in N.C. Gen. Stat. § 7B-903(a)(2). The trial court erred by failing to include such a finding in its dispositional order was.

In seeking to persuade us to reach a contrary result, DSS and the guardian *ad litem* argue that a finding that Susan, Emily, and Wes need more adequate care or supervision or placement is implicit in the trial court's decision to leave the children in DSS custody. In

essence, DSS and the guardian *ad litem* argue that the fact that the trial court left the children in DSS custody demonstrates that the trial court determined that the children needed "more adequate care or supervision" or "placement." However, in the absence of the required finding, we are unable to determine whether the trial court utilized the required analysis in determining that Susan, Emily, and Wes should remain in DSS custody. As a result, we hold that the trial court erred by placing Susan, Emily, and Wes in DSS custody without making a required finding and remand this case to the Caswell County District Court for further proceedings not inconsistent with this opinion, including the entry of a new dispositional order.

### III. Conclusion

Thus, we conclude that Respondent-Mother's challenge to the trial court's adjudication order lacks merit and that the trial court's adjudication order should be, and hereby is, affirmed. However, given that the trial court's dispositional order failed to contain a finding required for the adoption of one of the dispositional alternatives outlined in N.C. Gen. Stat. § 7B-903(a)(2), we conclude that the trial court's dispositional order should be, and hereby is, reversed and that this case should be, and hereby is, remanded to the Caswell County District Court for further proceedings not inconsistent with this opinion, including the entry of a new dispositional order.

AFFIRMED IN PART; REMANDED IN PART.

Judges BRYANT and ELMORE concur.