An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-237

Filed: 1 September 2015

Brunswick County, Nos. 14 JA 85-87

IN THE MATTER OF: D.H., J.H., J.H.

Appeal by respondent from order entered 25 November 2014 by Judge Sherry Dew Prince in Brunswick County District Court. Heard in the Court of Appeals 17 August 2015.

> *Elva L. Jess, for petitioner-appellee Brunswick County Department of Social Services.*

> *McGuire Woods LLP, by T. Richmond McPherson and Amanda W. Abshire, for Guardian ad Litem.*

> *Robert W. Ewing for respondent-appellant mother.*

TYSON, Judge.

Mary F. Harvey, ("Respondent-mother"), appeals from the trial court's order adjudicating her minor children D.H., Ja. H., and Jo. H. (collectively, "the children"), as neglected and dependent juveniles and ordering the children to remain in the physical and legal custody of the Brunswick County Department of Social Services ("DSS"). We affirm.

I.  Background

Respondent-mother's three sons were born in 2003, 2005, and 2007. Respondent-mother was diagnosed with bipolar disorder and post-traumatic stress disorder, and takes daily medications. Each of the three children was diagnosed with mental health issues and requires significant drug regimens. Respondent-father was also diagnosed with significant mental health issues. In the adjudication order, the trial court found "[t]here is a level of disfunction [sic] in the household as a result of the mental illnesses with which each family member has been diagnosed." Each child exhibits aggressive behaviors.

School personnel stated concerns with the children's cleanliness and attire. Their clothes often did not fit and they arrived to school with dirt on their hands and faces. School personnel were also concerned whether the children received adequate food at home. The children were provided food at school. Each child was sent home after school on Fridays with a backpack of food for the weekend.

Beginning in April of 2014, an organization named Helping Hands began providing intensive in-home services to the family to address the children's aggressive behaviors. Helping Hands staff was concerned about high dosages of medications each family member had been prescribed. While Helping Hands was involved with the family, the trial court found little improvement was made in the manner the parents handled the children's behaviors. On one occasion, Ja. H. had cut his finger on a broken window. The bandage on the bloody finger was unclean. The social

worker assigned to the case visited the family on three dates in June of 2014. The children were dirty and presented with pungent body odor.

On 9 June 2014, Respondent-mother executed a verified complaint seeking a domestic violence protective order against the children's father. She alleged the father had choked her and all the children were present during the altercation. Respondent-mother failed to appear in court to prosecute the action.

A social worker visited the home on 17 June 2014. Ja. H. was vomiting, and the vomit appeared to contain blood. Respondent-mother stated that she would call the doctor the following day. The social worker called 911 and arranged for the child to be transported to the hospital. While the social worker was present at the home, D.H.'s behavior was erratic. He picked up a tire iron and approached the social worker. He put a knife to his chest and stated that he was going to kill himself.

The court found Respondent-mother "incapable of dealing with the children's behaviors" and she "did not have any control." The social worker "had to control the behavior that each child presented with and the illness that [Ja. H.] had." Evidence showed the children were extremely dirty and smelled "as if something was rotten." They were subsequently taken from the home and placed in the custody of DSS.

In its adjudication order, the trial court made the following unchallenged finding:

> [Respondent-mother] was not able to appropriately provide
> for her children's care on June 17 and presented with

challenges on numerous other occasions. She did not address their medical needs. She did not address their needs for appropriate hygiene. She has failed to properly administer prescriptions, choosing to give them medications "early," she did not possess appropriate parenting skills to deal with [Ja. H.]'s aggressive behaviors, she did not provide necessary medical care. The children were exposed to domestic violence and their behaviors were exacerbated following the incident as shown in school following the incident.

On 25 November 2014, the trial court entered an order adjudicating the children neglected and dependent. The trial court also entered a separate disposition order, which kept the children in the legal and physical custody of DSS, with physical placement in its discretion. Respondent-mother timely appealed from the adjudication and disposition orders. The father did not appeal.

## II. Issues

Respondent-mother does not challenge the trial court's conclusion that the children are neglected. She argues the trial court erred by adjudicating her children dependent. Respondent-mother contends that (1) the evidence presented by DSS was only sufficient for an adjudication of neglect, but not dependency; and (2) the trial court failed to find she lacked availability of an alternative child care arrangement.

## III. Standard of Review

We review an adjudication of dependency to determine (1) whether the findings of fact are supported by clear and convincing evidence, and (2) whether the legal conclusions are supported by the findings of fact. *In re Gleisner*, 141 N.C. App. 475,

480, 539 S.E.2d 362, 365 (2000). Unchallenged findings of fact are deemed to be supported by the evidence and are binding on appeal. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). The conclusion that a juvenile is dependent is reviewed *de novo. In re V.B.*, ___ N.C. App. ___, ___, 768 S.E.2d 867, 868 (2015).

## IV. Dependency

A dependent juvenile is "[a] juvenile in need of assistance or placement because . . . the juvenile's parent, guardian, or custodian is unable to provide for the juvenile's care or supervision and lacks an appropriate alternative child care arrangement." N.C. Gen. Stat. § 7B-101(9) (2013). "In determining whether a juvenile is dependent, the trial court must address both (1) the parent's ability to provide care or supervision, and (2) the availability to the parent of alternative child care arrangements." *In re T.B., C.P., & L.P.*, 203 N.C. App. 497, 500, 692 S.E.2d 182, 184 (2010) (citation and internal quotation marks omitted).

### A. Inability to Provide Care or Supervision

Respondent-mother asserts she was able to provide for the children's care and supervision. She argues the trial court's findings may show evidence of neglectful parenting, but fail to support the conclusion that she was unable to care for or supervise the children. She contends she did not exhibit a complete inability to parent. She asserts evidence that a parent demonstrates some care for the child may support an adjudication of neglect, but not dependency. She also asserts evidence

that a parent demonstrates "no ability to care or supervise the child" is required to support an adjudication of dependency.

The trial court's unchallenged findings of fact demonstrate Respondent-mother was unable to properly care for the children, at least during a period of time preceding DSS's removal of the children from her care. The trial court's findings demonstrate the children suffer from mental health issues and aggressive behaviors, and are difficult to manage. When the social worker visited the home, D.H. engaged in dangerous and erratic behaviors. Ja. H. was ill and vomiting blood, which Respondent-mother failed to timely address. Because Respondent-mother was "incapable of dealing with the children's behaviors," the social worker intervened and dealt with Ja. H.'s illness and D.H.'s behavior. The trial court properly concluded Respondent-mother, at least during this period of time, was unable to provide proper care and supervision of the children under N.C. Gen. Stat. § 7B-101(9).

### B. Alternative Childcare Arrangement

Respondent-mother next contends the trial court failed to find she lacked the availability of an alternative childcare arrangement. The adjudication order explicitly incorporated the trial court's "pre-hearing order," which was entered after a hearing to establish the trial court's jurisdiction. The order included a finding that "[t]here are no other family members who can serve as placement options for the minor children." This finding was supported by Respondent-mother's testimony at

the jurisdictional hearing that she was unable to identify any family members as alternative caregivers. This finding is sufficient to establish that Respondent-mother lacked the availability of appropriate alternative childcare. *See In re T.H.*, ___ N.C. App. ___, ___, 753 S.E.2d 207, 215 (2014) (trial court's finding that "[a]t the time that the juvenile petition was filed, there were no appropriate family members immediately available to care for the children long-term" was sufficient to satisfy the second part of the dependency definition). Since the trial court made sufficient findings as to both parts of the definition of dependency, the court properly concluded the children were dependent juveniles. This argument is overruled.

## V. Disposition

Respondent-mother argues the trial court erred by placing the children in DSS custody without making sufficient findings of fact to support that placement. We disagree.

"All dispositional orders of the trial court after abuse, neglect and dependency hearings must contain findings of fact based upon the credible evidence presented at the hearing." *In re Weiler*, 158 N.C. App. 473, 477, 581 S.E.2d 134, 137 (2003). "The district court has broad discretion to fashion a disposition from the prescribed alternatives in N.C. Gen. Stat. § 7B-903(a), based upon the best interests of the child." *In re B.W.*, 190 N.C. App. 328, 336, 665 S.E.2d 462, 467 (2008).

N.C. Gen. Stat. § 7B-903 permits the trial court to place "any juvenile who needs more adequate care or supervision or who needs placement . . . in the custody of the department of social services" as a disposition after a neglect and dependency adjudication. N.C. Gen. Stat. § 7B-903(a)(2) (2013). This Court has held a finding that the "juvenile . . . needs more adequate care or supervision or needs placement" is a "precondition" to considering this disposition as well as the other dispositional alternatives outlined in N.C. Gen. Stat. § 7B-903(a). *In re S.H.*, 217 N.C. App. 140, 145, 719 S.E.2d 157, 160 (2011).

Here, the trial court found "[a]lthough the boys [sic] behaviors have improved, there remain issues with regard to discipline" and "[t]hat the juveniles cannot be returned to the legal custody of either parent today, however it is possible that they may be returned within the next six months, provided the parents meet the goals and objectives of the case plan and present with appropriate housing." In addition, the court incorporated as findings the reports submitted by DSS and the guardian *ad litem*, including the DSS statement that "[r]eturn to the parents at this time would be inconsistent with the juvenile[s'] health, safety, and need for a safe, permanent home."

These findings, which are unchallenged and binding on appeal, show the trial court determined the children needed placement outside the home, such that the court could properly consider the dispositional alternatives in N.C. Gen. Stat. § 7B-

903(a). We sustain the trial court's decision to maintain placement of the children with DSS at that time, pending further review and orders.

## VI. Conclusion

The trial court made sufficient findings to establish Respondent-mother was unable to provide for the children's care and supervision and lacked an alternative childcare arrangement. The court properly concluded the children were dependent. The trial court's adjudication and disposition orders are affirmed.

AFFIRMED.

Judges STROUD and DILLON concur.

Report per Rule 30(e).