An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-261

Filed: 15 September 2015

Ashe County, Nos. 14 JA 27-28

IN THE MATTER OF: T.E. and K.E., Jr.

Appeal by respondents from orders entered 4 December 2014 by Judge David V. Byrd in Ashe County District Court. Heard in the Court of Appeals 24 August 2015.

> *Grier J. Hurley for petitioner-appellee Ashe County Department of Social Services.*
>
> *Alston & Bird, LLP, by Richard A. McAvoy, for Guardian ad Litem.*
>
> *Ewing Law Firm, P.C., by Robert W. Ewing, for respondent-appellant mother.*
>
> *Richard Croutharmel for respondent-appellant father.*

INMAN, Judge.

Respondents, mother and father of T.E. and K.E., appeal from the trial court's orders adjudicating the two children as neglected juveniles and placing them in the custody of the Ashe County Department of Social Services (DSS). Respondents contend that the trial court's findings of fact do not support the conclusion that the juveniles were neglected. We agree.

**Facts and Procedural History**

On 28 July 2014, DSS received a report that Mother had rammed her vehicle, with both children in the back seat, into the work truck driven by Father. T.E. was not wearing a seat belt at the time of the collision, but neither child was hurt.

The next day, DSS filed petitions alleging that T.E. and K.E. were abused and neglected juveniles. In the petitions, DSS alleged a history of domestic violence and substance abuse in the home and six prior reports filed on the family. DSS also alleged that Father is an alcoholic, abuses prescription medications, and becomes violent when he consumes alcohol. DSS further alleged that Mother and Father both were charged with simple assault from an altercation in front of the children a few weeks prior to the filing of the petitions during which Mother hit Father and K.E. told Mother to stop before she killed Father. The juveniles were placed in nonsecure custody.

An adjudicatory hearing was held on 24 October 2014. By orders filed 4 December 2014, the trial court adjudicated both juveniles as neglected and placed them in the custody of DSS. Respondents appeal.

**Analysis**

Respondents argue that the trial court erred in adjudicating T.E. and K.E. as neglected juveniles because the findings of fact do not support the conclusion that the juveniles were neglected. Specifically, respondents argue that the trial court failed

to make a finding that the juveniles suffered any physical, mental, or emotional impairment or a substantial risk of such impairment.

In reviewing a trial court's adjudication of neglect, the role of this Court "is to determine (1) whether the findings of fact are supported by clear and convincing evidence, and (2) whether the legal conclusions are supported by the findings of fact." *In re T.M.*, 180 N.C. App. 539, 544, 638 S.E.2d 236, 239 (2006) (internal quotation marks omitted). "Clear and convincing evidence is evidence which should 'fully convince.'" *In re J.A.G.*, 172 N.C. App. 708, 712, 617 S.E.2d 325, 329 (2005). "If such evidence exists, the findings of the trial court are binding on appeal, even if the evidence would support a finding to the contrary." *In re T.H.T.*, 185 N.C. App. 337, 343, 648 S.E.2d 519, 523 (2007), *aff'd as modified,* 362 N.C. 446, 665 S.E.2d 54 (2008).

A neglected juvenile is one "who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker . . . or who lives in an environment injurious to the juvenile's welfare." N.C. Gen. Stat. § 7B-101(15) (2013). In order for a child to be adjudicated neglected, "[t]his Court has consistently required that there be some physical, mental, or emotional impairment of the juvenile or a substantial risk of such impairment as a consequence of the failure to provide 'proper care, supervision, or discipline.'" *In re S.H.*, 217 N.C. App. 140, 142, 719 S.E.2d 157, 158-59 (2011) (quoting *In re Safriet*, 112 N.C. App. 747, 752, 436 S.E.2d 898, 901-02 (1993)).

The trial court made the following pertinent findings of fact:

6. On July 28, 2014 the mother "T-boned" the company truck with the father inside. The children were both in the mother's car in the backseat. . . . [T.E.] (age 7) did not have a seat belt on when the collision occurred; neither child was injured.

7. The mother was charged with assault with a deadly weapon and misdemeanor child abuse. Both criminal charges are pending at this time.

8. There have been seven child protective service reports on the family since 2007. The allegations of those reports involved domestic violence, improper discipline, improper supervision, improper medical and remedial care.

9. In 2010 there was a domestic violence incident between the parents. [DSS] opened case management services and later closed services due to the father's incarceration.

10. In 2013 there was a domestic violence incident between the parents. Again, [DSS] opened case management services. Marriage counseling was recommended. The services were closed in March 2014 due to no additional incidents of domestic violence by the parents.

11. The mother and father got into an altercation several weeks before the "T-bone" incident – the children were present. The mother had run out of gas and called the father. He came to her aid, was intoxicated, and they got into an altercation; law enforcement was called. Both mother and father were arrested and charged with assault.

12. The mother and father have an on-again off-again relationship. There has been a history of domestic violence and alcohol abuse by both mother and father.

> 13. The Court finds the children, [T.E. and K.E.], to be neglected juveniles due to the domestic violence and the collision, regardless of fault.

The trial court's finding that T.E. and K.E. were "neglected due to the domestic violence and the collision, regardless of fault" is a conclusion of law and we shall treat it as such for the purpose of this appeal. *In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675-76 (1997) ("The determination of neglect requires the application of the legal principles set forth in [the statute] and is therefore a conclusion of law."). Thus, we must determine whether the trial court's remaining findings support the conclusion of neglect.

Respondents argue that the trial court court's findings do not support the conclusion of neglect because the court failed to address whether the juveniles suffered any physical, mental, or emotional harm or a substantial risk of such harm due to the parents' conduct. Father also challenges Findings of Fact 11 and 12, arguing that they are not supported by the evidence. However, we need not address Father's contentions because, even if we assume *arguendo* that all the findings of fact are true, they are insufficient to support the conclusion that the juveniles were neglected.

The trial court concluded that the juveniles were neglected due to domestic violence and the vehicle collision, regardless of fault. We first consider the issue of domestic violence. The trial court found two instances of domestic violence, one in

2010 and one in 2013. These findings of fact do not indicate the nature or severity of the domestic violence incidents, their effect on the children, or whether the children were even present during the two incidents. The trial court also found a third altercation between respondents occurred a few weeks prior to the "T-bone" collision and found that as a result, both Mother and Father were charged with assault. The court found that the children were present during this altercation, but did not find that this incident affected the children.

This Court has held that a specific finding of a substantial risk of impairment is not necessary in cases where all the evidence would support such a finding. *In re Safriet*, 112 N.C. App. at 753, 436 S.E.2d at 902. However, when the evidence is capable of more than one inference, the trial court must make this finding. *See In re Everette*, 133 N.C. App. 84, 86, 514 S.E.2d 523, 525 (1999).

Here, although DSS presented evidence that Father threatened the children and called them names during his previous incidents of drinking and domestic violence, the trial court's findings do not indicate any harm or substantial risk of harm to the juveniles due to the parents' history of domestic violence. Additionally, the findings do not indicate that the three instances of domestic violence over the course of five years placed the children in an environment injurious to their welfare. Therefore, the trial court's findings do not support the conclusion that the juveniles were neglected due to domestic violence. However, because DSS presented evidence

that would support—but not require—such a finding, we remand this matter back to the trial court to enter appropriate findings related to that evidence. *See In re Gleisner*, 141 N.C. App. 475, 480-81, 539 S.E.2d 362, 366 (2000) (remanding to the trial court for additional findings of fact where the basis for neglect was unclear and the trial court did not address whether the juvenile suffered impairment resulting from the parents' actions); *see also Arnold v. Ray Charles Enters., Inc.*, 264 N.C. 92, 99, 141 S.E.2d 14, 19 (1965) (holding that the failure to find a material fact ordinarily requires remand, unless the party with the burden of proof offers no evidence to support the finding).

The trial court also concluded that the children were neglected due to the vehicle "collision, regardless of fault." DSS argues that the failure to wear a seat belt as required by law placed T.E. at a substantial risk of harm.

Section 20-137.1(a) of the our General Statutes states that "[e]very driver who is transporting one or more passengers of less than 16 years of age shall have all such passengers properly secured in a child passenger restraint system or seat belt which meets federal standards applicable at the time of its manufacture." N.C. Gen. Stat. § 20-137.1(a) (2013). The statute further provides that "[a] child less than eight years of age and less than 80 pounds in weight shall be properly secured in a weight-appropriate child passenger restraint system." *Id.* at (a1). However, it also states that a violation of this statute shall not constitute negligence per se. *Id.* at (c), (d)(3).

Our Supreme Court has held that in order to qualify as neglect, the conduct at issue must "constitute[] either severe or dangerous conduct or a pattern of conduct either causing injury or potentially causing injury to the juvenile." *In re Stumbo*, 357 N.C. 279, 283, 582 S.E.2d 255, 258 (2003). Conduct constituting "[s]evere or dangerous conduct or a pattern of conduct either causing injury or potentially causing injury to the juvenile may include alcohol or substance abuse by the parent, driving while impaired with a child as a passenger, or physical abuse or injury to a child inflicted by the parent." *In re D.B.J.*, 197 N.C. App. 752, 755, 678 S.E.2d 778, 781 (2009) (internal quotation marks omitted). In *Stumbo,* an anonymous caller reported "an unsupervised two-year-old child, naked in the driveway of a house." *Stumbo*, at 280, 582 S.E.2d at 256. On appeal, our Supreme Court held that a "one time citing of an unsupervised, naked two-year-old in [the] driveway" with no further information was not sufficient conduct to "constitute a report of 'neglect.'" *Id.* at 285, 582 S.E.2d at 259.

Here, a report of a child not wearing a seat belt on one occasion does not by itself constitute "severe or dangerous conduct" and does not demonstrate "a pattern of conduct either causing injury or potentially causing injury to the juvenile." *Id.* at 283, 582 S.E.2d at 258. The trial court's findings establish that: (1) a collision occurred where Mother "T-boned" Father's vehicle while the juveniles were in the back seat of Mother's car; (2) one of the juveniles was not wearing a seatbelt at that

time; (3) neither child was injured; and (4) Mother was thereafter charged with assault with a deadly weapon and misdemeanor child abuse based on this incident. The trial court entered no findings as to whether Mother intentionally or negligently caused the accident. This conduct may be sufficient to constitute neglect. However, the trial court made no findings indicating that the juveniles suffered a substantial risk of harm due to the collision. Therefore, we hold that the trial court's findings do not support the conclusion that the children were neglected due to the collision, regardless of fault.

## Conclusion

We hold that the trial court failed to enter findings related to whether respondents' incidents of domestic violence posed a substantial risk of harm to the juveniles. Accordingly, we vacate the underlying orders and remand for further proceedings. The trial court, in its discretion, may take additional evidence.

VACATED AND REMANDED.

Judges BRYANT and MCCULLOUGH concur.

Report per Rule 30(e).